

FILED
DEC 28 2021
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELA MAXINE KILLEN,<br><br>Defendant. | Cause No. CR 18-156-BLG-SPW<br>CR 18-157-BLG-SPW<br><br>ORDER |

Defendant Killen moves the Court, for a third time, to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A). She is currently serving an 84-month sentence for two federal drug offenses. *See* Judgments (Docs. 96, 67). Her projected release date is June 2, 2024. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Dec. 27, 2021).

On July 28, 2021, the Court appointed counsel to represent Killen. *See* Orders (Docs. 127, 153). Counsel filed a supplemental motion and the United States submitted a supplemental response.

**I. Legal Framework**

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a

1

reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Generally, courts first consider whether the prisoner has shown an extraordinary and compelling reason that could warrant a reduction, then consider the factors in § 3553(a), to the extent they apply, to determine whether to make a reduction. *See, e.g.*, *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (per curiam); *United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021) (per curiam).

The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). The guideline, however, has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit, along with several others, holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion. *See Aruda*, 993 F.3d at 802; *but see Bryant v. United States*, 996 F.3d 1243, 1248 (11th Cir.), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and

protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id.* § 3553(a)(4), (6)–(7).

To date, the Ninth Circuit has not decided whether a district court may consider other legislative or common-law developments in sentencing law in deciding whether a prisoner has shown an "extraordinary and compelling reason" to reduce his sentence. *See, e.g.*, *United States v. Black*, 999 F.3d 1071, 1075–76 (7th Cir. 2021) (citing cases and holding that district court may consider Congress' amendment of the "stacking" provision of 18 U.S.C. § 924(c)(1)(C) as a reason to reduce sentence).[1]

## II. Discussion

As in her previous motions, Killen states that she needs various medical and rehabilitative treatments but has not received them due to the COVID-19 pandemic. *See* Mot. (Doc. 152) at 1. The Court continues to share her concerns.

---

[1] The United States Supreme Court will decide whether a district court may or must consider such developments in deciding whether to reduce a sentence under § 404(b) of the First Step Act, which applies to defendants sentenced for offenses involving crack cocaine. *See Concepcion v. United States*, No. 20-1650 (U.S. oral argument set for Jan. 19, 2022). The Court's analysis of the question in that case might or might not be relevant to motions filed under § 603(b) of the First Step Act, which authorized prisoners' motions for compassionate release.

3

*See* Judgment (Doc. 67) at 2 (recommending participation in the Residential Drug Abuse Prevention program and placement at FMC Carswell "due to Defendant's medical needs."). But the pandemic does not affect only prisons. It is affecting the whole world. Neither Killen nor her counsel suggest reason to believe her medical concerns would all be resolved if she were released. Further, as the Court said previously, if Killen is not receiving adequate medical care, or if an emergency arises, remedies are available to her within FMC Carswell or in the Northern District of Texas. This Court has neither the authority nor the ability to monitor her medical treatment. Killen's medical needs, while serious, are not an extraordinary and compelling reason to reduce her sentence.

Killen also asks the Court to consider Congress' amendment of the safety valve provision of 18 U.S.C. § 3553(f). At the time of sentencing, her thirteen (13) criminal history points precluded safety valve relief. *See* 18 U.S.C. § 3553(f)(1) (eff. May 27, 2010); Presentence Report (Doc. 66) ¶ 69. Under Congress' 2018 amendment and its interpretation in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), *pet. for reh'g filed*, No. 19-50305 (9th Cir. Aug. 5, 2021), *discussed in* Supp. Mot. (Doc. 132) at 4–6, Killen's criminal history might not disqualify her under the first prong of the test. *See* 18 U.S.C. § 3553(f)(1), (g).

Even so, the argument is not persuasive. Assuming Killen's advisory

4

guideline range should have been 77 to 96 months, and assuming she would have been sentenced to about 70 months, as counsel argues, *see* Supp. Mot. (Doc. 67) at 6, she would still be seeking a reduction greater than the 14-month difference between her actual sentence and the sentence she claims she would have received if she had qualified for the safety valve. In other words, even if she had qualified for the safety valve, she would not yet have reached her discharge date. The fact that she could be asking the Court to reduce her sentence by roughly a year to a year and three months, instead of by about 29 and a half months, is not itself an extraordinary and compelling reason to reduce her sentence to time served.

Because Killen does not carry her burden of showing an extraordinary and compelling reason to consider releasing her, the Court need not rebalance the sentencing factors under 18 U.S.C. § 3553(a). Reducing her sentence to time served is not warranted. *See Keller*, 2 F.4th at 1284.

### III. Filings

Killen's pro se motion and the Court's Order appointing counsel and setting a schedule were filed in both of her cases. Counsel's amended motion was filed in both of her cases. The United States filed its response only in CR 18-157-BLG, and new counsel filed a notice of appearance on Killen's behalf only in CR 18-156-BLG. The parties are asked not to create such confusion in future.

Accordingly, IT IS ORDERED:

1. The clerk shall file the United States' response in CR 18-157-BLG (Doc. 158) in CR 18-156-BLG and counsel's notice of appearance in CR 18-156-BLG (Doc. 133) in CR 18-157-BLG.

2. Killen's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (CR 18-156-BLG Docs. 126, 132; CR 18-157-BLG Docs. 152, 157) are DENIED.

DATED this 27th day of December, 2021.

                                         */s/ Susan P. Watters*
                                         SUSAN P. WATTERS
                                         UNITED STATES DISTRICT JUDGE